# ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FREDY AMAYA, SAMUEL ESTRADA, JOSE
ALVARADO, LUIS CAMPOS, JUAN
ANTONIO GARCIA, PAUL LOPES, THOMAS
BAEZ and LEOLADIO ACOSTA, individually
and on behalf of others similarly situated,

    Plaintiffs,

-against-

GARDEN CITY IRRIGATION, INC., GARDEN
CITY MAINTENANCE, INC., MICHAEL
MOONAN, DONNA MILCETIC, FIRST
NATIONAL INSURANCE COMPANY OF
AMERICA, RLI INSURANCE COMPANY and
UNIVERSAL BONDING INSURANCE
COMPANY,

    Defendants.
--------------------------------------------------------------x
FIRST NATIONAL INSURANCE COMPANY
OF AMERICA,

    Third-Party Plaintiff,

-against-

ADAM TEDESCO,

    Third-Party Defendant.
--------------------------------------------------------------x
ADAM TEDESCO,

    Fourth-Party Plaintiff,

-against-

GARDEN CITY IRRIGATION, INC., and
DONNA MILCETIC,

    Fourth-Party Defendant.
--------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 03-CV-2814 (FB) (RML)

**BLOCK, Senior District Judge:**

On September 15, 2003, plaintiffs filed an amended complaint alleging that defendants Garden City Irrigation, Inc., Garden City Maintenance, Inc., Michael Moonan and Donna Milcetic (collectively, "the Garden City Defendants") had failed to make wage and overtime payments as required by state and federal law, and had retaliated against plaintiffs for complaining about the non-payment to state and federal agencies; the amended complaint also asserted claims against surety companies that had allegedly insured the Garden City Defendants' payment obligations.

The Garden City Defendants failed to timely answer the amended complaint. *See* Clerk's Notation of Default (Dec. 29, 2005). Plaintiffs now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2); the Garden City Defendants cross-move for an order vacating the clerk's notation of default pursuant to Rule 55(c).

Following a series of extension by Magistrate Judge Levy, the deadline for the Garden City Defendants to answer was set for August 31, 2005. As they did not file an answer (in the form of an exhibit to their opposition to plaintiffs' motion for default judgment) until February 17, 2006, the Garden City Defendants are plainly in default.

The Garden City Defendants' default does not, however, automatically entitle plaintiffs to a default judgment: "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and "[d]istrict courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986).

2

In exercising their discretion, district courts apply "[t]hese widely accepted factors[:] (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Diakuhara*, 10 F.3d at 96. "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* The Court is also mindful that because of the "oft-stated preference for resolving disputed on the merits," *id.* at 95, "defaults are generally disfavored and are reserved for rare occasions [and] when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

Applying the relevant factors, the Court concludes that a default judgment should not be entered against the Garden City Defendants, and that the clerk's entry of default should be vacated. While the delay in filing an answer was lengthy, the record reflects that the delay was occasioned, not by wilful disobedience of Judge Levy's scheduling orders, but by the Garden City Defendants' difficulties in obtaining substitute counsel and by confusion as to who would protect their interests in the interim. *See* Decl. of Michael Moonan, ¶¶37-45 (detailing efforts to obtain substitute counsel); Reply Decl. of Constantine P. Kokkoris, ¶ 10 (noting that "[n]o one appeared for the Garden City defendants at the next conference before Judge Levy on November 16, 2005.").[1] The need

---

[1] Although the confusion regarding representation demonstrates that the Garden City Defendants' default was not wilful, the Court notes that the Garden City Defendants' former counsel was obliged to protect their interests until he was formally relieved as counsel on January 11, 2006. *See* E.D.N.Y. R. 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only be order of

3

for counsel was particularly crucial because two of the Garden City Defendants (defendants Garden City Irrigation, Inc., and Garden City Maintenance, Inc.) are corporations, which cannot, of course, appear *pro se*. *See, e.g., Jacobs v. Patent Enforcement Fund, Inc.*, 230 F3d 565, 568 (2d Cir. 2000) ("[I]t is settled law that a corporation cannot generally appear in federal court except through its lawyer."). While the two individual Garden City Defendants (defendants Moonan and Milcetic) could have appeared *pro se*, it would be senseless to punish them for failing to do so; as they are sued as the principals of the corporate defendants, their efforts to retain substitute counsel were presumably directed at finding representation for both the corporations and themselves.

With regard to the second factor, "delay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2699 (2d ed. 1983)). Plaintiffs will suffer no such prejudice if the Garden City Defendant are allowed to defend the claims against them.[2]

With regard to the third factor, "[a] defendant seeking to vacate an entry of

---

the court and may not withdraw from a case without leave of the court granted by order.").

[2]Plaintiffs allege that the Garden City Defendants have failed to participate in discovery. While striking a defendant's answer is an authorized sanction for a discovery violation, *see* Federal Rule of Civil Procedure 37(b)(2)(C), other less drastic remedies are available. In any event, plaintiffs' complaints regarding discovery should be addressed to the assigned magistrate judge as a motion for sanctions under Rule 37.

default must present some evidence beyond conclusory denials to support his defense," *Diakuhara*, 10 F.3d at 98; however, the test for a meritorious defense is not "whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* Here, defendant Moonan has stated under oath that all plaintiffs were paid all wages due them and that they are no longer employed for reasons unrelated to their complaints of non-payment, *see* Decl. of Michael Moonan, ¶¶ 16-36; he further states that three of the plaintiffs have settled their claims and executed releases. *See id.*, ¶¶ 12-14. These facts, if proven, would constitute meritorious defenses.

In sum, a default judgment would, in the circumstances, be an unduly harsh sanction for the Garden City Defendants' failure to answer the amended complaint in a timely manner. As the difficulties in retaining substitute counsel have now been resolved, however, the Court warns that further delays attributable to those defendants will not be looked upon favorably.

Plaintiffs' motion for a default judgment is denied and the Garden City Defendants' cross-motion to vacate the clerk's notation of default is granted. The proposed answer, attached as Exhibit A to the Declaration of Raymond Nardo, is deemed timely filed.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 1, 2006

5