UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FREDY AMAYA, *et al.*,

                    Plaintiffs,

                                                                                      MEMORANDUM
      -against-                                                  AND ORDER

GARDEN CITY IRRIGATION, INC., *et al.*,          03 CV 2814 (FB) (RML)

                    Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On June 6, 2003, plaintiffs Fredy Amaya ("Amaya") and Samuel Estrada ("Estrada"), landscape and construction laborers, brought this action to recover unpaid wages. They amended their complaint on September 15, 2003 to add Jose Alvarado ("Alvarado"), Jose Garcia ("Garcia"), Paul Lopes ("Lopes"), Thomas Baez ("Baez"), Luis Campos ("Campos"), and Leoladio Acosta ("Acosta"), additional laborers, as plaintiffs.[1] (Amended Complaint, dated Sept. 15, 2003 ("Am. Compl."), ¶ 5.) Plaintiffs allege that defendants Garden City Irrigation, Inc. ("GCI"), Garden City Maintenance., Inc. ("GCM") (together, "employer defendants"), Michael Moonan ("Moonan"),[2] Donna Milcetic ("Milcetic"),[3] First National Insurance Company of America ("First Nat'l"), and other unknown entities (collectively, but excluding First Nat'l,

---

[1] On January 16, 2003, prior to joining the suit, Alvarado and Estrada signed a Release and Settlement of Claims against defendants Garden City Irrigation, Inc., and Garden City Maintenance, Inc. (Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Complaint ("Tedesco Opp'n.") Exs. A-B.) Because they did not settle all of their claims, they remain plaintiffs in this suit. (Tedesco Opp'n Exs. A-B.) Amaya settled and is no longer a party to this suit. (Declaration of Robert Wisniewski, sworn to Apr. 11, 2008 ("Wisniewski Decl."), ¶ 7.)

[2] Moonan is the general manager of employer defendants. (See Wisniewski Decl. ¶ 3.)

[3] Milcetic is the shareholder of employer defendants. (See Wisniewski Decl. ¶ 3.)

"defendants") did not pay them proper compensation for the work they performed for employer defendants from 1997 to 2003. (Am. Compl. ¶ 1.) Plaintiffs seek to recover money damages for unpaid minimum wage, overtime and "prevailing wage" compensation, and liquidated damages and reasonable attorney's fees pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, New York State Labor Law, and the common law. (Am. Compl. ¶ 1.) They also seek redress for retaliation and retaliatory termination of employment pursuant to 29 U.S.C. § 215 and N.Y. Lab. § 215. (Am. Compl. ¶ 1.)

Plaintiffs now move pursuant to Federal Rule of Civil Procedure 15(a)(2) and (c) and Section 16(b) of the FLSA to add Jose Hernandez ("Hernandez"), Jose Garcia ("Garcia"), and Pedro Gil ("Gil") (collectively, "opt-in plaintiffs") as named plaintiffs in this action and to have opt-in plaintiffs' claims relate back to the original complaint. Plaintiffs also move pursuant to Rule 21 to add third-party defendant/fourth-party plaintiff Adam Tedesco ("Tedesco"), once part-owner of employer defendants, as a named defendant with regard to the New York State law claims of Lopes, Alvarado, and Estrada and to have their claims against him relate back to December 31, 2007. (Plaintiffs' Reply Memorandum in Opposition of Plaintiffs' Motion to Amend the Complaint ("Pls. Reply") 7, 9.) Defendants do not contest plaintiffs' motion except as it relates to Tedesco. For the reasons stated below, plaintiffs' motions are granted.

## STANDARD OF REVIEW

### A. Leave to Amend

Leave to amend a complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure "falls within the sound discretion of the court." Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

330 (1971)). Rule 15(a)(2) provides that "a party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, courts look favorably upon amendments, "as they tend 'to facilitate a proper decision on the merits.'" Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (quoting Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., No. 94 Civ. 4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)); accord Andujar, 113 F.R.D. at 154. "'If the [movant] has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend a complaint." Soloski, 178 F.R.D. at 396 (quoting Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 504, 506 (S.D.N.Y. 1992)) (brackets & ellipses in original). The only reasons a court may deny a motion for leave to amend are "undue delay, bad faith, prejudice to the opposing party or the futility of the amendment."[4] Andujar, 113 F.R.D. at 154; accord Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000); Manley v. Mazzuca, No. 01 Civ. 5178, 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007) (citing Dluhos v. Floating & Abandoned Vessel,

---

[4] A court will find "prejudice" when a new claim against a party would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)) (quotation marks omitted). That a party has spent time and money preparing for trial usually will not suffice to meet this standard. Monahan, 214 F.3d at 284; Block, 988 F.2d at 351. However, the court will tread more cautiously when allowing an amendment will "unfairly surprise[] the non-movant and impede[] the fair prosecution of the claim." Monahan, 214 F.3d at 284.

   In addition, the court will deem an amendment futile if the amendment would fail to state a claim upon which relief may be granted. See Manley v. Mazzuca, No. 01 Civ. 5178, 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007) (citing Milanese v. Rust-oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001)).

Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998)); see Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); Vysovsky v. Glassman, No. 01 Civ. 2531, 2007 WL 3130562, at *3 (S.D.N.Y. Oct. 23, 2007); Soloski, 178 F.R.D. at 396.

### B. The Relating Back Doctrine

When granting leave to amend a complaint, Rule 15(c)[5] permits the court to deem an otherwise time-barred action timely based on the "relation back" doctrine. See Soloski, 178 F.R.D. at 397.

#### 1. Federal Law Claims

For an amendment adding a new plaintiff or federal claim to relate back to the original complaint, "the amendment must relate to the same conduct, transaction or occurrence described in the original complaint and [the] defendant must have had the requisite notice of the original action." Andujar, 113 F.R.D. at 154; accord Soloski, 178 F.R.D. at 397. Such notice may be formal or informal. Andujar, 113 F.R.D. at 154-55 (citing Fed. R. Civ. P. 15© Advisory

---

[5] Rule 15(c) states in relevant part that:
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Committee Note of 1966). These two factors ensure that Rule 15(c) amendments satisfy the dictates of due process, which require that a party "have . . . proper notice of the claim contained in the amendment prior to the running of the statute of limitations." Id. at 155. If a defendant "is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff." Id.; see Soloski, 178 F.R.D. at 398 (holding that amendment will relate back "when the status of the original plaintiff and a liberal reading of the complaint apprise defendant of the existence of the additional plaintiff's existence and claims" or "if the defendant has had actual notice that additional parties might assert claims arising out of the transaction or occurrence at issue") (quoting Andujar, 113 F.R.D. at 158) (quotation marks omitted).

### 2. State Law Claims

To determine whether amendments that add state law claims to a complaint relate back, the court must turn to the relevant state law, in this case that of New York. Fed. R. Civ. P. 15(c)(1)(A) (stating that claim may relate back when "the law that provides the applicable statute of limitations allows relation back"); see also Murphy v. West, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008) ("The general rule is that if state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'") (quoting DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 n.8 (3d Cir. 2004) (quoting Advisory Committee's Note to 1991 Amendment of Fed. R. Civ. P. 15)); Laureano v. Goord, No. 06 Civ. 7845, 2007 WL 2826649, at *5 (S.D.N.Y. Aug. 31, 2007); Blakeslee v. Royal Ins. Co., No. 93 Civ. 1633, 1998 WL 209623, at *3 (S.D.N.Y. Apr. 29, 1998). New York's relation back doctrine permits a plaintiff to amend a complaint and add new claims, plaintiffs, or

defendants "even though, at the time of the amendment, the statute of limitations has expired." Beck. v. Consol. Rail Corp., 394 F. Supp. 2d 632, 640 (S.D.N.Y. 2005) (citing N.Y. C.P.L.R. § 203); see Buran v. Coupal, 661 N.E.2d 978, 981 (N.Y. 1995). A party invoking the doctrine must establish that

> (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with the original party such that she can be charged with notice of the original action and will not be prejudiced in maintaining a defense on the merits; and (3) the new party should have known that, but for a mistake as to the proper party, the action would have been brought against her as well.

Beck, 394 F. Supp. 2d at 640 (citations omitted); accord Buran, 661 N.E.2d at 981. The first prong of the test mirrors its federal counterpart as discussed above. See, e.g., Fed. R. Civ. P. 15(c)(1)(B); Andujar, 113 F.R.D. at 154; Soloski, 178 F.R.D. at 397. For the second prong, the court will find a party "united in interest" with another where

> the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other. In other words, interests will be united, only where one is *vicariously liable* for the acts of the other. Underlying the doctrine of vicarious liability . . . is the notion of control.

Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted) (ellipses in original). When evaluating the third prong, the "primary consideration . . . [is] whether the *defendant* could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he is concerned." Buran, 661 N.E.2d at 983 (quotation marks & citation omitted). In practice, the moving party will fall afoul of the third prong only if it acted in bad faith, i.e., "the omission to name the new

party in the original complaint was . . . an attempt to secure some tactical advantage in the litigation." Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted); accord Buran, 661 N.E.2d at 983.

## DISCUSSION

### A. Opt-in Plaintiffs Jose Hernandez, Jose Garcia, & Pedro Gil

Plaintiffs seek to add Hernandez, Garcia, and Gil as named plaintiffs in the present action. Defendants do not object. (See Tedesco Opp'n 2 n.1.) Furthermore, the case record reveals no prejudice, undue delay, bad faith, or futility that would compel the court to deny plaintiffs' motion to amend the complaint in this manner. Therefore, the court grants plaintiffs' motion to amend the complaint to add opt-in plaintiffs.

### B. Relating Back Opt-in Plaintiffs' Federal Claims

The court also grants plaintiffs' motion to have the opt-in plaintiffs' federal claims relate back to the original complaint. Defendants do not oppose the relation back of opt-in plaintiffs' federal claims. (See Tedesco Opp'n 2 n.1.) Moreover, opt-in plaintiffs' claims arise from the same "conduct, transaction[s, and] occurrence[s]" at issue in the original complaint, namely defendants' alleged unwillingness to pay overtime and other wages required under federal law. Andujar, 113 F.R.D. at 154. Defendants also had formal and informal notice of opt-in plaintiffs' federal claims. First, opt-in plaintiffs' claims are identical to those alleged against defendants in the original and amended complaints. (See Complaint, dated June 6, 2003, ¶¶ 24-27, 57-63; Am. Compl. ¶¶ 31-34, 63-69.) See Andujar, 113 F.R.D. at 155 (holding that claims may relate back when "the proposed amendment . . . adds a plaintiff who asserts an interest in the claim already before the court"). Furthermore, the original complaint named

plaintiffs "individually and *on behalf of others similarly situated*," which suffices to provide defendants notice that other plaintiffs could join the action based on the same allegedly unlawful conduct. See Sokolski, 178 F.R.D. at 398; Andujar, 113 F.R.D. at 159. Opt-in plaintiffs thus satisfy the criteria for having their federal claims relate back. See Fed. R. Civ. P. 15(c)(1)(B); Soloski, 178 F.R.D. at 397.

**C. Relating Back Opt-in Plaintiffs' State Law Claims**

Because opt-in plaintiffs fulfill the three-pronged test outlined in Beck, see 394 F. Supp. 2d at 640, the court also grants plaintiffs' motion to relate opt-in plaintiffs' state law claims back to the original complaint. First, like the original plaintiffs' claims, opt-in plaintiffs' state law claims arise from defendants' alleged unwillingness to pay overtime and other wages required under federal and state law. Second, original plaintiffs and opt-in plaintiffs are "united in interest" because unpaid overtime wage claims under New York law and the FLSA are coextensive. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 78 (2d Cir. 2003). In other words, because defendants' alleged unlawful behavior would violate New York law and the FLSA in the same manner, the original plaintiffs and opt-in plaintiffs' claims will "stand or fall together, and . . . judgment against one will similarly affect the other." Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted). Finally, defendants produce no evidence of bad faith on the part of the original plaintiffs or opt-in plaintiffs in seeking to join the litigation at this early stage.

**D. Adding Adam Tedesco as a Named Defendant**

Plaintiffs also move to add Tedesco as a named defendant with respect to the state law claims of Lopes, Estrada, and Alvarado, whose claims against Tedesco are still timely under

New York law. In their reply brief, plaintiffs also mention for the first time their desire to relate back the claims against Tedesco to December 31, 2007.[6] (See Pls. Reply 7-9.)

        Tedesco opposes his addition to the complaint as a named defendant on the grounds of undue delay, prejudice, and futility. (Tedesco Opp'n 3, 5.) First, he notes that plaintiffs waited five years from the commencement of this action before moving to have him made a defendant even though (1) plaintiffs knew him to be a former shareholder of employer defendants[7] and (2) First Nat'l impleaded him three years ago because he signed a construction bond which requires him to indemnify First Nat'l if First Nat'l were forced to pay out to plaintiffs in this suit. (Tedesco Opp'n 2-3, 5-6.) Since plaintiffs long had notice of Tedesco's existence and former status with respect to employer defendants, Tedesco claims that plaintiffs' failure to add him as a defendant earlier gave him "no reason to expect a claim against him by plaintiffs." (Tedesco Opp'n 6.) In addition, he insists that adding him at "this late date" would prejudice him because his involvement in the case until now "has been extremely limited and narrow in scope." (Tedesco Opp'n 6.) As a "full-blown" defendant, he would have to engage in full discovery to defend himself properly against plaintiffs' claims. (Tedesco Opp'n 6.)

---

[6] Although parties generally may not raise an issue for the first time in a reply brief, see Golio v. Suggs, No. 06 CV 5460, 2008 WL 1985230, at *1 (2d Cir. May 6, 2008), two factors warrant against applying the doctrine in this case. First, Tedesco fully addressed whether the claims asserted against him should relate back in his response brief. Consequently, he would suffer no prejudice if the court considered this issue on its merits. Cf. In re Harris, 464 F.3d 263, 268 n.3 (2d Cir. 2006). Furthermore, plaintiffs could move the court again for leave to amend their complaint after the disposition of the current motion. To maintain judicial economy, the court will address the relation-back issue at this time.

[7] Tedesco was bought out of employer defendants in February 2003. (Wisniewski Decl. ¶ 4.)

Tedesco's contention that plaintiffs' "undue delay" will cause him prejudice is unconvincing. Although "'the longer the period of an unexplained delay [in moving to amend a complaint], the less will be required of the nonmoving party in terms of a showing of prejudice,'" Block, 988 F.2d at 350 (quoting Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted)), "'[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" Id. (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); accord Andujar, 113 F.R.D. at 158. Tedesco has not shown bad faith on the part of plaintiffs or that prejudice would result from his becoming a defendant in this case. He would have incurred discovery expenses with respect to Lopes, Estrada, and Alvarado's claims irrespective of when plaintiffs added him as a defendant, and as the present action is still in discovery, any additional burden he possibly could face will be minimal. See United States v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); cf. Andujar, 113 F.R.D. at 158.

Tedesco also insists that allowing plaintiffs to amend the complaint to add him as a defendant would prove futile. He asserts that Estrada and Alvarado "have released any such claim they may have had for wages and benefits from their employer by executing a Release and Settlement of Claims in connection with their settlements" with GCI. (Tedesco Opp'n 7; see Tedesco Opp'n Ex. A.) He also notes that they executed a New York City Parks' Department form in which they withdrew their prevailing wage claims and released and discharged all contractors from such claims. (See Tedesco Opp'n 7-8, Ex. B.) While the effect of these

releases may render Estrada and Alvarado's claims moot, Tedesco does not address how Lopes's claims would be untimely. Tedesco therefore has not shown that granting plaintiffs leave to add him as a defendant would be futile.

Because Tedesco has not demonstrated any factor for which the court could deny plaintiffs' motion to add him as a defendant, the court grants plaintiffs' motion. Furthermore, because plaintiffs' "state-law claims [against Tedesco and their federal claims] 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding,'" the court will exercise supplemental jurisdiction over these claims. Block, 988 F.2d at 351 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988)) (quotation marks & citation omitted) (second brackets in original); accord 28 U.S.C. § 1367(a); see Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 90 (S.D.N.Y. 2001) ("District courts traditionally have exercised this discretion in favor of supplemental jurisdiction where, as here, 'considerations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the state law claims at the same time as the federal law claims.") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). (See Plaintiffs' Joint Memorandum of Law in Support of Motion to Amend the Complaint ("Pls. Mem.") 16.)

**E. Relating Back the Claims Against Adam Tedesco**

To determine whether the claims against Tedesco should relate back to December 31, 2007, the court must apply the New York test set forth in Beck. 394 F. Supp. 2d at 640. As previously discussed, these state law claims arise out of the same transactions and occurrences as plaintiffs' federal and state law claims against employer defendants, Moonan, and Milcetic. (See Pls. Mem 16; Pls. Reply 8.) Tedesco also is "united in interest" with his fellow defendants in

that the same questions of law and fact predominate over the claims against them. In other words, the claims will "stand or fall together." Beck, 394 F. Supp. 2d at 640. Moreover, Tedesco will not suffer prejudice if the court allows plaintiffs to relate back the claims against him, since his relationship with employer defendants and participation in this case, though as a third-party defendant and fourth-party plaintiff, gave him notice of the claims against his former colleagues and the grounds upon which plaintiffs base them. Finally, he has shown no bad faith underlying plaintiffs' seeking amendment at this early stage in the litigation. The court therefore grants plaintiffs' motion to have the claims against Tedesco relate back to December 31, 2007, the date plaintiffs requested.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend the complaint is granted. It is hereby ordered that Jose Hernandez, Jose Garcia, and Pedro Gil shall be added to the complaint as plaintiffs and that their federal and state claims shall relate back to the original complaint. It is further ordered that Adam Tedesco shall be added to the complaint as a defendant and that Paul Lopes, Samuel Estrada, and Jose Alvarado's state law claims against him shall relate back to December 31, 2007.

SO ORDERED.

Dated: Brooklyn, New York
July 25, 2008

/s/
ROBERT M. LEVY
United States Magistrate Judge