UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FREDY AMAYA, *et al.*,

                    Plaintiffs,

                                                                         MEMORANDUM
      -against-                                                  AND ORDER

GARDEN CITY IRRIGATION, INC., *et al.*,          03 CV 2814 (FB) (RML)

                    Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On June 6, 2003, plaintiffs Fredy Amaya and Samuel Estrada ("Estrada"), landscape and construction laborers, brought this action to recover unpaid wages. They amended their complaint on September 15, 2003 to add Jose Alvarado ("Alvarado"), Jose Garcia, Paul Lopes ("Lopes"), Thomas Baez, Luis Campos, and Leoladio Acosta, additional laborers, as plaintiffs. (Amended Complaint, dated Sept. 15, 2003 ("Am. Compl."), ¶ 5.) Plaintiffs allege that defendants did not pay them proper compensation for the work they performed for employer defendants from 1997 to 2003. (Am. Compl. ¶ 1.) Plaintiffs therefore seek to recover money damages for unpaid minimum wage, overtime and "prevailing wage" compensation, and liquidated damages and reasonable attorney's fees pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, New York State Labor Law, and the common law. (Am. Compl. ¶ 1.) They also seek redress for retaliation and retaliatory termination of employment pursuant to 29 U.S.C. § 215 and N.Y. Lab. § 215. (Am. Compl. ¶ 1.)

        On April 4, 2008, plaintiffs moved pursuant to Federal Rule of Civil Procedure 15(a)(2) and (c) and Section 16(b) of the FLSA to add Jose Hernandez, Jose Garcia, and Pedro

Gil as named plaintiffs in this action and to have these plaintiffs' claims relate back to the original complaint. Plaintiffs also moved pursuant to Rule 21 to add third-party defendant/fourth-party plaintiff Adam Tedesco ("Tedesco"), once part-owner of employer defendants, as a named defendant with regard to the New York State law claims of Lopes, Alvarado, and Estrada and to have their claims against him relate back to December 31, 2007. The court granted these motions.[1] (Order, dated July 28, 2008.)

Plaintiffs now move to have Lopes, Alvarado, and Estrada's state law claims against Tedesco relate back to the original complaint. (See Plaintiffs' Motion to Amend, dated Aug. 8, 2008.) Tedesco opposes the motion. (See Tedesco's Opposition to Plaintiffs' Motion to Amend, dated Aug. 15, 2008, 3.) For the reasons stated below, plaintiffs' motion is granted.

## DISCUSSION

**A. Leave to Amend**

Leave to amend a complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure "falls within the sound discretion of the trial court." Andujar v. Rogowski, 113 F.R.D. 151, 154 (S.D.N.Y. 1986) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Rule 15(a)(2) provides that "[a] party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, courts look favorably upon amendments, "as they tend to facilitate a proper decision on the merits." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal citation & quotation marks omitted); accord Andujar, 113 F.R.D. at 154. "'If the

---

[1] Familiarity with the factual background and legal reasoning of the memorandum and order granting these motions is presumed. (See Order, dated July 28, 2008.)

[movant] has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend a complaint." Sokolski, 178 F.R.D. at 396 (quoting Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 504, 506 (S.D.N.Y. 1992)) (brackets & ellipsis in original). The only reasons a court may deny a motion for leave to amend are undue delay, bad faith, prejudice to the opposing party or the futility of the amendment.[2] Accord Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000); see Manley v. Mazzuca, No. 01 Civ. 5178, 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007) (citing Dluhos v. The Floating & Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998)); Andujar, 113 F.R.D. at 154.

---

[2] A court will find "prejudice" when a new claim against a party would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)) (quotation marks omitted). That a party has spent time and money preparing for trial usually will not suffice to meet this standard. Id.; Block, 988 F.2d at 351. However, the court will tread more cautiously when evaluating an amendment that would "unfairly surprise[] the non-movant and impede[] the fair prosecution of the claim." Monahan, 214 F.3d at 284.

In addition, the court will deem an amendment futile if the amendment would fail to state a claim upon which relief can be granted. See Manley v. Mazzuca, No. 01 Civ. 5178, 2007 WL 4233013, at *3 (S.D.N.Y. Nov. 30, 2007) (citing Milanese v. Rust-oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001)).

Although the court granted a motion by plaintiffs to amend the complaint as recently as July 28, 2008, the liberal standards governing motions to amend permit plaintiffs to amend the complaint again absent a finding of undue delay, bad faith, prejudice, or futility. It is immaterial whether plaintiffs' prior request to relate their claims back to December 31, 2007 was a "scrivener's error" or simply a misunderstanding of the law.

**B. The Relating Back Doctrine**

When granting leave to amend a complaint, Rule 15(c)[3] permits the court to deem timely an otherwise time-barred action based on the "relation back" doctrine. See Sokolski, 178 F.R.D. at 397. To determine whether to permit an amendment that relates back state law claims to the original complaint, the court must turn to the relevant state law, in this case that of New York. Fed. R. Civ. P. 15(c)(1)(A) (stating that claim may relate back when "the law that provides the applicable statute of limitations allows relation back"); see also Murphy v. West, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008) ("The general rule is that if state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'") (quoting DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 n.8 (3d Cir. 2004) (quoting Fed. R. Civ. P. 15 advisory committee's mote to 1991 Amendment)); Laureano v. Goord, No. 06 Civ. 7845, 2007 WL 2826649, at *5 (S.D.N.Y. Aug. 31, 2007).

---

[3] Rule 15(c) states in relevant part that:
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Under New York law, a "claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.Y. C.P.L.R. § 203(f); see Beck v. Consol. Rail Corp., 394 F. Supp. 2d 632, 640 (S.D.N.Y. 2005) (citing N.Y. C.P.L.R. § 203); Buran v. Coupal, 661 N.E.2d 978, 981 (N.Y. 1995). New York State courts have interpreted this statute to require a party invoking the doctrine to establish that

> (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with the original party such that she can be charged with notice of the original action and will not be prejudiced in maintaining a defense on the merits; and (3) the new party should have known that, but for a mistake as to the proper party, the action would have been brought against her as well.

Beck, 394 F. Supp. 2d at 640 (citations omitted); accord Buran, 661 N.E.2d at 981. To fulfill the first prong, "the status of the original plaintiff and a liberal reading of the complaint [must have] apprise[d] defendant of the existence of the additional plaintiff's existence and claims." Sokolski, 178 F.R.D. at 398 (quoting Andujar, 113 F.R.D. at 158) (quotation marks omitted); see, e.g., Fed. R. Civ. P. 15(c)(1)(B); Sokolski, 178 F.R.D. at 397; Andujar, 113 F.R.D. at 154. For the second prong, the court will find a party "united in interest" with another where

> the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other. In other words, interests will be united, only where one is *vicariously liable* for the acts of the other. Underlying the doctrine of vicarious liability . . . is the notion of control.

Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted) (ellipsis in original). When evaluating the third prong, the "primary consideration . . . [is] whether the *defendant* could have

reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he is concerned." Buran, 661 N.E.2d at 983 (quotation marks & citation omitted).  In practice, the moving party will fall afoul of the third prong only if it acted in bad faith, i.e., "the omission to name the new party in the original complaint was . . . an attempt to secure some tactical advantage in the litigation."  Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted); see also Buran, 661 N.E.2d at 983.

### C. Analysis

Plaintiffs fulfill the first prong of the test because their state law claims against Tedesco and the state and federal claims asserted against the other defendants in this action derive from a common nucleus of operative fact:  defendants' alleged unwillingness to pay overtime and other wages required under federal and state law.  Tedesco also is "united in interest" with his fellow defendants because unpaid overtime wage claims under New York law and the FLSA are coextensive.  See Zheng v. Liberty Apparel Co., 355 F.3d 61, 78 (2d Cir. 2003).  In other words, because defendants' alleged behavior would violate New York law and the FLSA in the same manner, the plaintiffs' claims against Tedesco and other defendants will "stand or fall together and . . . judgment against one will similarly affect the other."  Beck, 394 F. Supp. 2d at 640 (quotation marks & citation omitted).  Moreover, Tedesco will not suffer prejudice if the court allows plaintiffs to relate back the claims against him, since his relationship with other defendants and participation in this case, though as a third-party defendant and fourth-party plaintiff, gave him notice of the claims against the other defendants and the grounds upon which plaintiffs base them.  Finally, he has shown no bad faith underlying plaintiffs' seeking

amendment at this early stage in the litigation. That this amendment seeks to correct an error in plaintiffs' previous motion to amend does not constitute bad faith or cause undue delay or prejudice. The court therefore grants plaintiffs' motion to have the claims against Tedesco relate back to the original complaint.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend the complaint is granted. It is hereby ordered that Paul Lopes, Samuel Estrada, and Jose Alvarado's state law claims against Adam Tedesco shall relate back to the original complaint.

SO ORDERED.

Dated: Brooklyn, New York
September 5, 2008

/s/
ROBERT M. LEVY
United States Magistrate Judge