```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FREDY AMAYA, et al.,

                    Plaintiffs,                              MEMORANDUM
                                                             AND ORDER
        -against-
                                                             03 CV 2814 (FB)(RML)
GARDEN CITY IRRIGATION INC., et al.,

                    Defendants.
----------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

This wage-and-hour collective action was commenced in June 2003. Since then, most of the plaintiffs have reached a resolution with the defendants, with the exception of plaintiffs Samuel Estrada and Jose Alvarado, who are represented by attorney Marina Trubitsky. A review of the docket sheet reveals at least nine occasions on which Ms. Trubitsky failed to appear for scheduled conferences or depositions or respond to court orders in this case. (See docket entries dated 4/15/2014, 6/4/2014, 8/8/2014, 8/21/2014, 10/20/2014, 8/19/2015, 9/10/2015, 9/28/2016, and 11/22/2016.) Most recently, after Ms. Trubitsky failed to appear for a conference on September 28, 2016, I directed Ms. Trubitsky and counsel for defendants to file confidential reports regarding the status of mediation by November 2, 2016. Defendants' counsel submitted a letter explaining that, in an effort to reach a settlement with plaintiffs Estrada and Alvarado, he had attempted to contact Ms. Trubitsky, but received no response. (See Letter of Raymond Nardo, Esq., dated Nov. 2, 2016, Dkt. No. 216.) Ms. Trubitsky did not file a status report by the deadline, and on November 22, 2016, I issued the following order:

> ORDER TO SHOW CAUSE. By Order dated 9/28/16, I directed all counsel to file a status report on 11/2/16. Raymond Nardo, Esq., filed a timely report on behalf of the Garden City defendants, who are attempting to resolve this case through court-annexed

> mediation. However, Marina Trubitsky, Esq., failed to file a status report on behalf of the remaining plaintiffs Alvarado and Estrada. Ms. Trubitsky also failed to appear at the most recent conference (9/28/16) or request an adjournment. (Ms. Trubitsky's office subsequently filed a letter dated 10/25/16 stating that Ms. Trubitsky had been sick on the date of the conference, but did not explain why Ms. Trubitsky did not notify the court or request an adjournment). In his 11/2/16 status report, Mr. Nardo advised that "the elusive" Ms. Trubitsky "unsurprisingly" has not responded to his most recent communication, and that her participation is critical to the court-annexed mediation. Some three weeks have now passed, and Ms. Trubitsky has neither filed her own status report nor responded to Mr. Nardo's. On or before 11/30/16, Ms.Trubitsky shall personally draft and file a written status report detailing the status of this litigation and her efforts to either prosecute or settle it (including whether she has responded to Mr. Nardo's 10/19/16 settlement inquiries) or SHOW CAUSE why she should not be sanctioned for failure to comply with orders of this court.

(Order to Show Cause, dated Nov. 22, 2016.) Ms. Trubitsky has failed to comply with that order.

This court has been more than forgiving and patient with Ms. Trubitsky, and has repeatedly accepted her belated excuses for fear of prejudicing her clients. But her neglect and disregard are unacceptable and unprofessional, and Judge Block's and my many threats and admonitions have apparently fallen on deaf ears.

On October 25, 2016, an employee in Ms. Trubitsky's office filed a letter explaining that Ms. Trubitsky had missed the scheduled court conference on September 28, 2016 "due to her illness" and could not be reached. (See Dkt. No. 215.) Since then, neither the court nor defendants' counsel has heard from Ms. Trubitsky. The court does not know the nature of Ms. Trubitsky's illness, but if it prevents her from representing her clients or practicing law, then she is ethically obligated to withdraw. See N.Y. Rules of Professional Conduct, Rule 1.16(b)(2) ("[A] lawyer shall withdraw from the representation of a client when . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.")

Federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962). Included in that power is the authority to "discipline attorneys who appear before" the court. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citing Ex parte Burr, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824)). The Second Circuit has advised that "[d]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (emphasis in original) (citation omitted). Ms. Trubitsky has been warned numerous times that her lack of response could result in sanctions, yet she has repeatedly ignored her obligations. Accordingly, Marina Trubitsky is hereby ordered to pay sanctions in the amount of $5,000 to the Clerk of this Court by February 24, 2017. In addition, Ms. Trubitsky is ordered to show cause by that date why this case should not be dismissed for lack of prosecution. Failure to respond will result in a recommendation that the claims of plaintiffs Samuel Estrada and Jose Alvarado be dismissed. Finally, by February 24, 2017, Ms. Trubitsky is directed to show cause why her conduct should not be referred to the Eastern District Disciplinary Committee for appropriate action pursuant to Rule 1.5 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

SO ORDERED.

Dated: Brooklyn, New York
     January 17, 2017

                                              /s/
                                     ROBERT M. LEVY
                                     United States Magistrate Judge