Case 1:03-cv-02814-RML   Document 235   Filed 01/23/18   Page 1 of 6 PageID #: 2170

**THE LAW OFFICE OF MARINA TRUBITSKY, P.C.**
Attorneys at Law
11 Broadway, Suite 861
New York, N.Y. 10004
T. (212) 732-7707
F. (212) 732-7708

---

January 22, 2018

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York

225 Cadman Plaza East
Brooklyn, NY 11201
VIA ECF

Re.: **Amaya et al. v. Garden City Irrigation Inc. et al.**
 **Docket No.: 03-cv-2814 (FB) (RML)**

Dear Judge Levy,

I represent all Plaintiffs Jose Alvarado and Samuel Estrado in the above-referenced matter. Counsel for Plaintiffs and Defendants are jointly submitting a settlement agreement for your review and approval. What follows is a letter in support of the settlement agreement (the "Agreement") and a request that, upon review, Your Honor approves the settlement as fair and reasonable.

Attached herewith are the following documents:

Exhibit 1 Settlement Agreement executed by all parties;
Exhibit 2 Costs Invoice for my firm;
Exhibit 3 Backup documentation for costs;

 For purposes of this letter, references to Plaintiffs are to Jose Alvarado and Samuel Estrada.


1.     Introduction

The Agreement at bar covers Plaintiffs' individual claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and seeks a dismissal of these claims with prejudice. As Your Honor is no doubt aware, the 2nd Circuit resolved the split among the federal district courts in this Circuit as to whether a dismissal with prejudice of settled claims under the FLSA requires court approval. In ***Cheeks v. Freeport Pancake House, Inc.***, 796 F.3d 199 (2nd Cir., 2015), the 2nd Circuit held that, given the unique considerations underlying the FLSA, any settlement of claims under the FLSA, which seeks dismissal with prejudice, can only be made pursuant to the approval of the court or of the Department of Labor, and overruled ***Picerni v. Bilingual Seit & Preschool, Inc.***, 2013 U.S. Dist. LEXIS 24622 (EDNY Feb. 23, 2013),

which held otherwise. On the other hand, Plaintiffs' claims under the New York Labor Law and the common law of New York do not require court approval.

At bar, a vast majority of Plaintiffs' claims are under the common law of New York as third party beneficiaries of public works contracts, which mandated the payment of prevailing wages. Settlement of these claims does not require a review under *Cheeks*.

The parties believe that the Agreement as negotiated is in compliance with the *Cheeks* decision and respectfully request that, should Your Honor find that the document is in any way non-compliant with *Cheeks*, Your Honor schedule a conference to address any concerns and permit supplemental submissions.

### 2.  Background of the Action

This is an action for, among others, unpaid wages and overtime pursuant to the FLSA and the wage orders promulgated by the U.S. Department of Labor and codified in 29 C.F.R. § 552 et. seq., and the New York Labor Law, Articles 6 and 19, and the wage orders and codified in 12 N.Y.C.R.R. §§ 137 to 146. At this stage, this action is for Plaintiff's common law claims as third party beneficiaries of prevailing wage contracts against Defendants.

Plaintiffs are former employees of Defendants. Plaintiffs alleged that the Individual Defendants own and operate Corporate Defendants, which have been engaged in the construction and landscaping business in the New York City area. Plaintiffs alleged that they had worked for Defendants as construction and landscaping workers but did not receive payment for all hours that they worked at the regular rate or the prevailing wage or at the overtime rate, even though Plaintiffs always worked in excess of forty hours in a workweek. Plaintiffs further alleged that Individual Defendants exercised complete control over Corporate Defendants and over the conditions of Plaintiffs and other employees' work, such that they should be considered joint employers of Plaintiff.

Defendants vigorously denied Plaintiffs' claims and denied that the Individual Defendants could be considered joint employers of Plaintiffs. Defendants also raised other defenses that could have affected Plaintiffs' claims and other facts that could have negatively impacted, or totally negated, Plaintiffs' entitlement to any recovery.

### 3.  The Settlement Terms Are Reasonable and Fair

As the 2nd Circuit held, a settlement of claims under the FLSA with prejudice requires approval by either the Department of Labor or the courts. Cheeks, supra; see also ***Lynn's Food Stores, Inc. v. United States***, 679 F.2d 1350, 1354 (11th Cir. 1982). Fairness of a settlement is assessed by "examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." ***D'Amato v. Deutsche Bank***, 236 F.3d 78, 83 (2nd Cir. 2001). "A strong presumption of fairness attaches to proposed settlements that have been negotiated at arm's length." ***Thompson v. Metro. Life Ins. Co.***, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).

At bar, the parties were represented by competent counsel on both sides whose area of practice focuses on wage and hour litigation. The parties reached an agreement on the material terms of the settlement after a protracted discovery period, which included the inspection of certified payroll records at the NYC Parks Department, numerous visits to Defendants' attorney's office to inspect and transcribe payroll

documents and additional certified payroll records. Further, the parties held numerous settlement conferences. The above indicates that the negotiating process was at arm's length.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching*.*" ***Le v. SITA Info Networking Computing USA, Inc.***, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (quoting ***Lynn's Food Stores v. United States***, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, there is no question that that settlement did not come about because of "overreaching" by the employer. Indeed, Plaintiffs' counsel respectfully submits that a realistic outcome in the case at bar would have been the same or lesser amount of recovery for Plaintiffs, except for a greater award of attorneys' fees and costs. Given the Defendants' financial condition, it would have most likely resulted in a bankruptcy filing.

Because a "reasonable" settlement is not necessarily susceptible to a mathematical equation yielding a particularized sum, courts approve settlements falling within a "range of reasonableness." ***Newman v. Stein***, 464 F.2d 689, 693 (2d Cir. 1972). *See* ***In re Luxottica Group,*** 233 F.R.D. 306, 316 (E.D.N.Y. 2006) (settlement fell within range of reasonableness even though greater recovery could have been achieved at trial); ***In re Western Union Money Transfer Litig***. 2004 WL 3709932, at *9 (E.D.N.Y. 2004) ("It is not for th[e] Court to substitute its judgment as to a proper settlement for that of such competent counsel in view of the fairness of the settlement" and rejecting argument that the proposed settlement was inadequate because it did not recover all alleged damages).

Under the Agreement, Defendants will have paid a total of $60,000.00, from which after costs and 1/3 attorney fee, Plaintiffs stand to receive a total of $30,000.00, divided equally amongst them as set forth in the settlement agreement.  A grand total of Plaintiffs' third party beneficiary, NYLL and FLSA damages is $100,561.34. Thus, a payment of $60,000.00 against Plaintiffs' untested, best-case scenario damages of $100,561.34 represents a very good result, indeed.

This is especially so since, at bar, both the claims and defenses are based in large part on oral testimony: how much time Plaintiffs actually worked each workweek and how many days a week they worked; what hours did Plaintiffs actually work in a day. Moreover, Plaintiffs' presence at prevailing wage projects was not often recorded in documents, including certified payroll records. In fact, some of these project documents negated some of Plaintiffs' claims that they worked on prevailing wage projects. Further, Defendants were ready to produce employees in their employ who would negate Plaintiffs' claims. Because the claims and defenses rest primarily on oral testimony, it would be particularly difficult to predict the outcome of a trial. Defendants not only disputed the amounts owed to Plaintiffs but also disputed whether Plaintiffs' calculations of damages were supported by law.

One more concern tending toward settlement were Plaintiffs' legitimate concerns about the collectability of a judgment against Defendants, especially if Defendants' claim that Donna Milcetic was not Plaintiffs' employer proved successful. ***Lliguichuzhca v. Cinema 60 LLC***, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)("Case law recognizes that potential difficulty in collecting damages militates in favor of finding an [FLSA] settlement reasonable."); see also ***Cabrera v. Roselea Int 's Services***, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always a risk that a corporate defendant would have no collectable assets for Plaintiff's uninsured claims, and there was no certainty that the Individual Defendants would be found to be Plaintiff's joint employer or that they would be able to satisfy a significant judgment.

In light of the above, the settlement amount represents a fair and reasonable result. The settlement is also favorable from Defendants' perspective. Defendants understood that they could lose at trial, and such an outcome could have resulted in their being assessed far higher amounts for damages than those they are settling for, including for costs and attorney's fees to Plaintiffs' counsel.

The settlement reached by the parties is fair and reasonable. Given the conflicting evidence, which rests mostly on oral testimony, the quality of the evidence and the allocation of the burden of proof on Plaintiffs, the settlement represent a reasonable compromise with respect to contested issues, and therefore, should be approved.

### 4. Mutual General Releases

Further, the Agreement at bar contains mutual general releases. Counsel for the parties and the mediator felt that, under the circumstances at bar, it made sense for the parties to have a complete and final closure of all claims. These general releases are appropriate as Plaintiffs clearly brought all of their claims they had against Defendants in both lawsuits. *Cf. Martinez v. Gulluoglu LLC et al.*, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016)(rejecting an FLSA settlement agreement with a grossly overbroad release).

Courts in this Circuit have accepted the mutual general releases in individual FLSA cases where, as here, employees no longer have an employment relationship with a former employer as an effective way to ensure that "both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." *Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144, at *18 (S.D.N.Y. Nov. 6, 2015). See also *Lola v. Skaden Arps*, 2016 U.S. Dist. LEXIS 12871 at *2 (S.D.N.Y. Feb. 3, 2016) (approving FLSA settlement containing mutual general releases "binding both Plaintiffs and Defendants"); *Weng v. T&W Rest., Inc.,* 2016 U.S. Dist. LEXIS 83217 (S.D.N.Y. June 22, 2016) (approving mutual general releases in non-class FLSA settlement).

For the foregoing reasons, the mutual general releases given by all parties in this individual wage litigation to each other are appropriate adequately protect Plaintiffs and the remedial interests of the FLSA.

### 5. Attorney Fees and Costs are Reasonable

Pursuant to the FLSA and NYLL, Plaintiffs can recover attorneys' fees as of right as a prevailing party. See, 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F.Supp.2d 470, 473 (S.D.N.Y. 2009) A party is considered a prevailing party "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Id.* (citations omitted). It is not required that the plaintiff be successful on all claims; he/she must merely "demonstrate a change in the legal relationship between himself and the defendant arising from the resolution of the lawsuit." *Id.* The fact that the Plaintiffs prevailed via settlement and not litigation is immaterial. *Id.* Thus, as the prevailing party, Plaintiff is entitled to an award of attorneys' fees and reasonable costs as a matter of right. *Id.* ("The Court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added) (citations and internal quotation marks omitted)).

In considering approval of an FLSA settlement, "[t]he court must also separately assess the reasonableness of plaintiffs' attorney fees, even when the fee is negotiated as part of a Agreement

rather than judicially determined." *Lliguichuzhca v. Cinema 60 LLC*, 948 F.Supp.2d 362, 366 (S.D.N.Y. 2013) (collecting cases). The purpose of the separate assessment is to make sure that "the interests of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief [counsel] procured for clients." *Id.* But while the court must approve an award of attorneys' fees and costs in a settlement of FLSA claims, the "FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action." *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 WL 2545439 at *5 (E.D.N.Y. May 17, 2010)(emphasis supplied) R&R adopted in *Misiewicz v.D'Onofrio General Contractors Corp.*, 2010 WL 2545472 (E.D.N.Y. June 18, 2010). Indeed, the "Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee" than the actual settlement itself because it is not the responsibility of the Court to ensure that the employer is protected from overpaying an employee's attorneys' fees and costs." *Id.* In the context of settling FLSA claims, courts should refrain from "disapprov[ing] a settlement on the amount of attorney's fees, since both parties assumingly ha[d] knowledge of how attorney's fees are calculated in this district and were negotiating at arm's length." *Id.*

When determining reasonable attorneys' fees, courts in this Circuit routinely approve FLSA settlements which provide for one third in attorney fees. "[An] one-third contingency fee is a commonly accepted fee in this Circuit." *Calle v. Elite Specialty Coatings, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)(same).

The work in this case included:
– investigation of the case, including inspection of records at the Parks Department, – drafting of the amended complaint and a motion to amend,
– innumerable meetings and telephone conferences with the clients to obtain information, keep them apprised of the developments and discuss settlement and its iterations,
– multiple telephone and in person conferences with the Court, – multiple telephone and in person conference with Defense counsel, Mr. Nardo
– correspondence with the Court, opposing counsel and the clients,
– drafting of written discovery,
– inspection of Defendants' records in Mr. Nardo's office,
– review of documents obtained through subpoenas;
– investigation of Defendants' assets;
– motion practice
– attendance at numerous settlement conferences;
– prolonged settlement discussions with multiple parties, drafting of several settlement agreement documents.

Both Mr. Wisniewski and I attach backup documentation for costs. To the extent that not all documents could be located, this Court should take into account that this is a 14 year old case. Both Mr. Wisniewski and I had procedures such that costs and expenses attributable to a particular case were allocated at the time they were paid in the ordinary course of business. During the course of this litigation, my firm had a hand-made system.  So, even if some backup documents may be missing, the costs were properly captured and allocated.

For the foregoing reasons, the total attorney fee of 1/3 of the net settlement amount and the extremely reduced costs to be received by my firm in the case at bar are fair and reasonable.

### 6. The Parties Request That the Court Approve the Settlement

For the reasons outlined above, the settlement reached in this matter is fair and reasonable to all parties. **See Johnson v. Brennan**, 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y., Sept. 16, 2011) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The settlement in this case represents a reasonable compromise over the contested issues, and thus the parties request that the Court approve the settlement, retain subject matter jurisdiction to interpret and enforce the terms of the settlement, and dismiss the case with prejudice. Thank you for your assistance in this matter.

    Sincerely,
    /S/
    Marina Trubitsky