# THE LAW OFFICE OF MARINA TRUBITSKY, P.C.
Attorneys at Law
11 Broadway, Suite 861
New York, N.Y. 10004
T. (212) 732-7707
F. (212) 732-7708

February 6, 2018

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York

225 Cadman Plaza East
Brooklyn, NY 11201
VIA ECF

Re.: Amaya et al. v. Garden City Irrigation Inc. et al.
 Docket No.: 03-cv-2814 (FB) (RML)

Dear Judge Levy,

I represent Plaintiffs Jose Alvarado and Samuel Estrado in the above-referenced matter. Please note that Plaintiffs and their Counsel are jointly consenting to your jurisdiction in this matter. What follows is a letter in support of the settlement agreement (the "Agreement") and a request that, upon review, Your Honor approves the settlement as fair and reasonable.

**1.      Attorney Fees and Costs are Reasonable**

When determining reasonable attorneys' fees, courts in this Circuit routinely approve FLSA settlements which provide for one third in attorney fees. "[An] one-third contingency fee is a commonly accepted fee in this Circuit." ***Calle v. Elite Specialty Coatings, Inc.***, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); ***Rangel v. 639 Grand St. Meat & Produce Corp.***, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)(same).

The work in this case included:
 – investigation of the case, including inspection of records at the Parks Department, – drafting of the amended complaint and a motion to amend,
 – innumerable meetings and telephone conferences with the clients to obtain information, keep them apprised of the developments and discuss settlement and its iterations,
 – multiple telephone and in person conferences with the Court, – multiple telephone and in person conference with Defense counsel, Mr. Nardo
 – correspondence with the Court, opposing counsel and the clients,
 – drafting of written discovery,
 – inspection of Defendants' records in Mr. Nardo's office,
 – review of documents obtained through subpoenas;

– investigation of Defendants' assets;
– motion practice
– attendance at numerous settlement conferences;
– prolonged settlement discussions with multiple parties, drafting of several settlement agreement documents.

Plaintiffs' Counsel is requesting that this Court award one third of the total settlement recovery in this case which would come to twenty thousand dollars in this case.

Plaintiff's counsel is also requesting that this Court award $10,000.00 in attorney costs. In support of her request, Plaintiff's counsel is attaching her costs calculation in the amount of $11,244.86. The Court further notes that there were numerous unexplained charges for travel, printing and parking. To the extent that not all receipts could be located, this Court should take into account that Plaintiff's counsel worked on this case for more than a decade. It must be noted that our office had specific procedures such that the costs and expenses attributable to a particular case were allocated at the time they were paid in the ordinary course of business. During the course of this litigation, my firm had a manual management system. Plaintiff's counsel further notes that all travel in this case related to meetings with clients and defense attorney as well as travel to Court conferences. So, even if some backup documents may be missing, the costs submitted in the application to the Court were properly captured and allocated and are within a reasonable range. It would be impossible to prosecute this case without incurring those routine expenses.

The Court further notes that Plaintiffs' counsel failed to produce sufficient explanation for the disbursements made out to Anna Kunkes, Gabriel Depena and Solomon Mtchedlishvili. Plaintiffs respectfully submit that Anna Kunkes' rate was $30.00 an hour, Gabriel DePena's rate was $15.00 an hour and Solomon Mtchedlishvili was $250.00 per day. It is also respectfully noted that Anna Kunkes had accounting experience and was engaged to calculate damages for Plaintiffs in this action. Gabriel DePena performed interpreting services and Solomon Mtchedlishvili performed investigative work.

For the foregoing reasons, the total attorney fee of 1/3 of the net settlement amount and the reduced costs to be received by my firm in the case at bar are fair and reasonable. The settlement in this case represents a reasonable compromise over the contested issues, and thus the parties request that the Court approve the settlement reached by the parties after years of unsuccessful settlement conferences and long and laborious hours in unsuccessful negotiations spanning over the course of a decade, retain subject matter jurisdiction to interpret and dismiss the case with prejudice. Thank you for your assistance in this matter.

Sincerely,
/S/
Marina Trubitsky